# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3294 | **DATE** | 12/11/2003 |
| **CASE TITLE** | LLWELLYN GREENE-THAPEDI vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss [5-1] is denied, and Plaintiff's motion to strike [8-1] is denied as moot. This matter will be stayed pending resolution of the related matter now before the United States Tax Court. The parties are directed to contact the Court no later than seven days after the conclusion of the Tax Court proceedings. Failure to do so may result in sanctions.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 12 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | DEC 12 2003 | |
| CG | courtroom deputy's initials | 03 DEC 11 PM 8:25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LLWELLYN GREENE-THAPEDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | 03 C 3294 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | DEC 1 2 2003 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendant United States of America to dismiss the complaint of Plaintiff Llwellyn Greene-Thapedi. For the reasons set forth below, Defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff alleges that she is entitled to a refund for an overpayment of federal income taxes paid for the tax year 1999. Plaintiff's complaint states that on or about May 19, 2001, Plaintiff overpaid a total of $10,663.00 in taxes for tax year 1999 and that she filed a valid and timely claim for refund with the Internal Revenue Service. The complaint further alleges that the IRS has not paid the refund and wrongfully rejected Plaintiff's claim for refund.

In its motion to dismiss, Defendant admits that Plaintiff made an overpayment of $10,663.00 for the 1999 tax year, that she made a timely claim for refund, and that a refund has not been paid to Plaintiff. Defendant argues, however, that its rejection of the refund

claim was not wrongful.[1] Defendant states that at the time of the overpayment, Plaintiff had an outstanding tax liability for the tax year 1992, and Defendant properly applied the 1999 overpayment to the 1992 deficiency.[2] Defendant argues that because the full amount of the 1999 overpayment was credited to Plaintiff's 1992 liability, the overpayment now exists as a credit for the 1992 tax year, rather than the 1999 tax year for which the payment was originally made. Thus, according to Defendant, Plaintiff has no claim for a 1999 overpayment as a matter of law because the credit against the 1999 tax year no longer exists. Defendant avers that if Plaintiff is to receive a refund, she must file a new claim for refund for the 1992 tax year, because that is where the IRS has stowed the balance of her overpayment, and then bring another lawsuit for the 1992 tax year, if necessary.

## DISCUSSION

This Court may dismiss a complaint for failure to state a claim upon which relief may be granted only if it appears that Plaintiff can prove no set of facts entitling her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded allegations of the complaint as true and must view those allegations in the light most favorable to Plaintiff. *Davis Cos. v. Emerald*

---

[1] Plaintiff filed a motion to strike certain factual claims submitted by Defendant in support of the motion to dismiss [8-1]. Given the Court's ruling on the motion to dismiss, the motion to strike is denied as moot.

[2] The precise amount of the 1992 deficiency is the subject of proceedings between the parties now pending before the United States Tax Court. In July 2003, the parties jointly moved that the matter be remanded to the IRS Appeals Office in order to address certain computational and factual issues related to the 1992 deficiency. The issues before the Tax Court have apparently not been resolved.

*Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001); *Vaden v. Vill. of Maywood*, 809 F.2d 361, 363 (7th Cir. 1987).

Suits seeking refunds of federal taxes paid are authorized by the Internal Revenue Code, but the right to sue is conditioned on the taxpayer's (1) requesting a refund from the Secretary of the Treasury, and (2) fully paying an assessment. *See Flora v. United States*, 362 U.S. 145, 177 (1960); *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997).

In this case, Plaintiff met both conditions before filing her refund suit. First, as Defendant admits, Plaintiff made a timely request for a refund of the 1999 overpayment. Second, Plaintiff had fully paid her tax assessment. While the amount of the difference between Plaintiff's overpayment and the 1992 deficiency remains at issue in the Tax Court, Defendant does not dispute that the 1999 overpayment has extinguished Plaintiff's liability for the 1992 tax year.[3]

Moreover, Defendant does not contend that the complaint did not properly plead Plaintiff's claim for a refund. Defendant's motion to dismiss argues instead the factual issue that Defendant did not wrongfully reject Plaintiff's refund claim. The Court must, however, accept all well-pleaded allegations as true and construe them in the light most favorable to Plaintiff, and the motion to dismiss does not demonstrate that, as a matter of law, Plaintiff will not be entitled to a refund of her 1999 overpayment. Pursuant to section 6402(a) of the Internal Revenue Code: "In the case of any overpayment, the Secretary, within the

---

[3] Defendant's brief in support of the motion to dismiss states that in October 2002, when the 1999 overpayment was applied to the 1992 tax year, the deficiency exceeded the overpayment. This statement, however, is contradicted by the declaration and exhibits submitted by Defendant in support of the motion, which show that the 1999 overpayment was $764.21 greater than the 1992 liability as of October 2002.

applicable period of limitations, may credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person." 26 U.S.C. § 6402(a). Defendant notes that there is no duty to refund until after the IRS has exercised its discretionary authority under section 6402(a). *See In re Pettibone Corp.*, 151 B.R. 156, 163 (N.D. Ill. 1992). Defendant admits, however, that it has already exercised its power to credit the overpayment against Plaintiff's 1992 tax liability. The Court cannot conclude as a matter of law that Defendant's section 6402(a) duty to "refund any balance to such person" will not arise in this case, even if the balance sought to be refunded is now credited to the 1992 tax year, rather than 1999. The motion to dismiss is therefore denied.

Finally, the Court is mindful that although the Tax Court does not have concurrent jurisdiction over the issues in the present suit, which relates to the 1999 tax year, *see Statland v. United States*, 178 F.3d 465, 470-71 (7th Cir. 1999), the Tax Court proceedings related to Plaintiff's 1992 tax liability will likely resolve certain facts necessary to the resolution of the present litigation. Therefore, this matter is stayed pending the outcome of the Tax Court proceedings.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [5-1] is denied, and Plaintiff's motion to strike [8-1] is denied as moot. This matter will be stayed pending resolution of the related matter now before the United States Tax Court. The parties are directed to contact the Court no later than seven days after the conclusion of the Tax Court proceedings. Failure to do so may result in sanctions.

**SO ORDERED**            ENTERED: 12/11/03

_Ronald A. Guzman_
**HON. RONALD A. GUZMAN**
**United States Judge**