IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LLWELLYN GREENE-THAPEDI, | ) |
| Plaintiff, | ) |
| | ) No. 03 C 3294 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this suit to recover excess taxes she paid for tax year 1999. Simultaneously, plaintiff was proceeding before the Tax Court, disputing interest and penalties that the IRS contended she owed in connection with her 1992 taxes. In October 2002, the IRS offset a $10,633.00 overpayment plaintiff had made on her 1999 taxes to her disputed 1992 tax liability.[1] (*See* Gov't Mot. Dismiss, Ex. 2, Ganser Decl. ¶ 7(i).) The offset extinguished plaintiff's 1992 tax liability and left a credit balance. *Id.* ¶ 7(l). Because plaintiff no longer had any liability for tax year 1992, the Tax Court dismissed her proceeding as moot. *Greene-Thapedi v. United States*, 126 T.C. No. 1, 2006 WL 83125, at 8-9 (U.S.T.C. Jan. 12, 2006).

The IRS contends that the offset also moots this action because it eliminated the overpayment on plaintiff's 1999 account. Consequently, the IRS argues, plaintiff no longer has a claim for a refund of taxes overpaid for tax year 1999, the subject of this suit, but a claim for refund of taxes

---

[1] At least one court has questioned the IRS' practice of offsetting a credit against a disputed liability. *See Lyons v. United States*, No. 4-92-CV-10408, 1992 WL 439739, at *2 (S.D. Iowa Nov. 10, 1992).

overpaid for tax year 1992. Moreover, the IRS says that the Court cannot treat this action as one seeking a refund of the 1992 overpayment because plaintiff has not filed a refund claim for the overpayment with the Secretary of the Treasury. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . . ."). Plaintiff made a refund claim with respect to tax year 1999, but not with respect to tax year 1992. Thus, the IRS moved to dismiss this action.

The Court denied the motion to dismiss because the IRS had not established, as a matter of law, that it would not have to refund any portion of plaintiff's 1999 overpayment even if those funds "[are] now credited to the 1992 tax year, rather than 1999." (Mem. Op. & Order of 12/11/03 at 4.) Because the Court believed that "the Tax Court proceedings related to Plaintiff's 1992 tax liability [would] likely resolve certain facts necessary to the resolution" of this case, the Court stayed this case pending the outcome of the Tax Court case. (*Id.*)

As it turned out, of course, the Tax Court proceeding resolved nothing. Plaintiff, who has been litigating issues relating to her 1992 taxes in one forum or another since 1997, is hoping that the Tax Court's decision will be reversed on appeal. She asks this Court to continue the stay of this case pending a decision on that appeal. The IRS, which created this Kafkaesque conundrum, still contends that the case should be dismissed. The Court declines to do either.

Continuing to stay this three-year-old case pending an appellate decision that may not be rendered for years more and, in any event, may not be favorable to plaintiff, is not a reasonable

2

option. It is also unnecessary because, contrary to the IRS' belief, this case can proceed on plaintiff's claim for a refund of her 1992 overpayment.

As the IRS points out, plaintiff must ask for a refund of the 1992 overpayment before she can sue for it. *See* 26 U.S.C. § 7422(a). But she need not make a formal refund request. Rather, the refund request requirement will be satisfied if she filed an informal claim "'within the statutory period [that] puts the IRS on notice that [she] believes erroneous tax has been assessed, and describes the tax and year with sufficient particularity to allow the IRS to undertake an investigation.'" *Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003) (quoting *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000)). "[A]n informal refund claim must have a written component," but the entire claim need not be set forth in that writing. *United States v. Commercial Nat'l Bank of Peoria*, 874 F.2d 1165, 1171 (7th Cir. 1989) (quotation omitted). Rather, "[a] taxpayer may rely upon other documents, conversations or correspondence" to round out the claim. *Id.* In the end, the sufficiency of an informal claim depends on "the existing facts and circumstances" of each case. *Commercial Nat'l Bank of Peoria*, 874 F.2d at 1171.

Plaintiff filed her Tax Court petition concerning her 1992 taxes on June 22, 2001 and the refund claim for her 1999 overpayment on May 19, 2001. *See Greene-Thapedi*, 2006 WL 83125, at 2; (Gov't Mot. Dismiss, Ex. 2, Ganser Decl. ¶ 7(g)). The 1992 overpayment, *i.e.*, the offset, was made in October 2002. (*See* Gov't Mot. Dismiss, Ex. 2, Ganser Decl. ¶ 7(i).) Thus, her informal claim was made within the limitations period. *See* 26 U.S.C. § 6511(a) (stating that taxpayer has two years from date the tax payment is made to file refund claim). Moreover, those documents

3

unquestionably notified the IRS that plaintiff believes she is due a refund. Given the unique circumstances of this case, the Court finds that plaintiff's petition disputing her 1992 tax liability together with her refund request for her 1999 overpayment constitute a sufficient informal refund claim for what is now her 1992 overpayment. *See Commercial Nat'l Bank of Peoria*, 874 F.2d at 1170-76 (letter from taxpayers' counsel, which was written in the midst of litigation with IRS and set forth taxpayer's disagreements with IRS' calculations was informal claim). Because plaintiff has made a sufficient informal claim for a refund of her 1992 overpayment, there is no reason either to stay or dismiss this case.[2]

## Conclusion

For the reasons stated above, plaintiff's oral motion to continue the stay is denied. The stay is lifted and the parties are ordered to appear at a status hearing on April 4, 2006 at 9:30 a.m.

**SO ORDERED.**  ENTERED: *March 17, 2006*

*/s/ Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[2]To the extent there are any deficiencies in the informal claim, plaintiff can cure them by filing a formal claim. *Commercial Nat'l Bank of Peoria*, 874 F.2d at 1170 ("[A] general notice advising the government that the taxpayer believes his taxes have been erroneously assessed, requesting a refund and indicating that the basis of the refund is in litigation, is sufficient to constitute an 'informal' refund claim which may be perfected by the filing of a formal refund claim after the refund claim limitations has expired." (quotation omitted)).