# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LLWELLYN GREENE-THAPEDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 3294 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Llwellyn Greene-Thapedi filed this suit to force the government to refund overpayments she allegedly made on her taxes. The case is before the Court on plaintiff's motion for judicial notice and defendant's motion for judicial notice and estoppel. For the reasons provided in this Memorandum Opinion and Order, both parties' motions are granted in part and denied in part.

## Background

In June 1997, in a proceeding before the Tax Court, plaintiff stipulated and the court determined, that she owed the government $10,195.00 for tax year 1992. *Greene-Thapedi v. Comm'r of Internal Revenue*, 126 T.C. 1, 2006 WL 83125, at *2 (Tax Ct. Jan. 12, 2006). In December 1997, the government says, it issued to plaintiff a notice of balance due. *Id.* Plaintiff contends that she did not receive the notice and was unaware that the deficiency had been finally assessed until July 2000, when she received a notice

of intent to levy assets from the IRS. *Id.* According to that notice, plaintiff then owed a total of $23,805.53 for the deficient taxes, interest and penalties. *Id.*

Of that amount, plaintiff paid $14,514.53: $10,195.00 for the deficiency and $4,319.53 for interest that accrued between June 1992, when she admitted the deficiency, and December 1997, when the government allegedly sent her the balance due notice. *Id.* at *2 & n.3. She also requested a hearing with respect to the proposed levy, which she contended was improper because it was based on penalties and interest wrongly assessed. *Id.* at *3. Sometime in 2001, the proposed levy was upheld. *Id.*

In June 2001, plaintiff filed a petition with the Tax Court contesting the levy and seeking a refund of the $4,319.53 interest payment she made for 1992. *Id.* at *3-4.

At some point thereafter, the IRS extinguished her 1992 deficiency by offsetting against it a $10,633.00 overpayment plaintiff made for tax year 1999. *Id.* at *4. The Tax Court denied plaintiff's subsequent request to add to her petition a claim challenging the offset. *Id.* As a result, in May 2003, plaintiff filed this suit for a refund of her 1999 overpayment. *Id.* at *5.

In January 2006, the Tax Court dismissed plaintiff's petition because: (1) the government had abandoned the levy action after the offset extinguished the 1992 tax liability on which it was based, thereby mooting plaintiff's challenge to it; and (2) it lacked jurisdiction over plaintiff's request for a refund of her alleged interest overpayment for 1992. *Id.* at *4-7, 13.

Given those developments, this Court has construed plaintiff's claim for the 1999 overpayment, which was eliminated by the offset, as one for a refund of the alleged 1992 overpayment.

2

## Discussion

### Judicial Notice

Plaintiff asks the Court to take judicial notice of pleadings and briefs the parties filed in the Tax Court proceedings. The IRS asks the Court to take judicial notice of two of the Tax Court's decisions. The Court may take judicial notice of matters that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b).

The fact that the documents were filed and the decisions were rendered is capable of accurate and ready determination by reference to the Tax Court docket. However, the facts asserted in those documents and decisions are not.[1] *See Opoka v. INS*, 94 F.3d 392, 395 (7th Cir. 1996) (stating that a court can take judicial notice of "[the] fact that [a] decision has been made" by another court, but not "the reasons underlying [the] decision"); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quotation omitted)). Thus, to the extent the parties ask the Court to take notice of the fact that the filings were made and the decisions were

---

[1] In her reply brief, plaintiff says that "[t]here are certain judicial and other admissions in the court records in question . . . [of] which the court is empowered to take judicial notice." (Pl.'s Reply Def.'s Resp. at 1.) Plaintiff does not, however, identify those admissions or explain why they are appropriate subjects for judicial notice. Absent that information, the Court has no reason to depart from the general rule that the contents of documents filed in other proceedings are not subject to judicial notice.

rendered, their motions are granted. To the extent they ask the Court to take notice of the facts asserted in them, the motions are denied.

## Estoppel

In her first amended complaint, plaintiff seeks a refund not only of the interest and penalties that she contends were wrongly assessed for 1992, but of her "[o]verpayment of Federal Income Taxes" for that year. (First Am. Compl. at 2.) The IRS argues that plaintiff is judicially estopped from arguing in this case that she overpaid her 1992 taxes by her admission in the Tax Court case that she underpaid them by $10,195.00.

Though the IRS invokes judicial estoppel, the doctrine of collateral estoppel seems more apt. To apply that doctrine, four elements must be met:

> (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (quotation omitted). All of the elements are present here: the two proceedings involve the same parties (who, thus, were fully represented in the prior proceeding), the issue of plaintiff's 1992 tax deficiency was actually litigated and finally determined in the Tax Court proceeding, and plaintiff's first amended complaint injects the deficiency issue into this suit. Having litigated her base tax liability for 1992 to conclusion in the Tax Court, Thapedi cannot revisit the issue here.

4

## Conclusion

For the reasons stated above, plaintiff's motion for judicial notice [doc. no. 22] is granted in part and denied in part, and defendant's motion for judicial notice and estoppel, which is contained in its response to plaintiff's motion [doc. no. 24], is granted in part and denied in part.

**SO ORDERED.**                    **ENTERED:**

JUL 2 7 2006

_____
HON. RONALD A. GUZMAN
United States District Judge