

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LLWELLYN GREENE-THAPEDI, ) | |
| ) | |
| Plaintiff, ) | Judge Ronald A. Guzmán |
| ) | |
| v. ) | 03 C 3294 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this suit to recover excess taxes she paid for the years 1999-2003. The case is before the Court on the government's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), plaintiff's Rule 12(c) motion for partial judgment on the pleadings, her Rule 41 motion for voluntary dismissal of her 2003 refund claim, and her motion to strike certain of defendant's submissions. For the reasons set forth below, defendant's motion to dismiss is granted and plaintiff's motions to strike, for voluntary dismissal and judgment on the pleadings are stricken as moot.

### Facts

In a proceeding before the Tax Court in June 1997, plaintiff stipulated, and the court determined, that she owed the government $10,195.00 for tax year 1992. *Greene-Thapedi v. Comm'r of Internal Revenue*, 126 T.C. 1, 2006 WL 83125, at *2 (T.C. Jan. 12, 2006). The IRS says that it sent a notice of balance due to plaintiff on December 19, 1997. *Id.* Plaintiff says she did not receive it. *Id.*

On July 3, 2000, the IRS sent plaintiff a notice of intent to levy assets, which said she owed $23,805.53 in taxes, interest and penalties for 1992. *Id.* In July 2000, plaintiff paid the

government $14,514.53 on her 1992 account: $10,195.00 for the deficiency to which she had stipulated before the Tax Court and $4,319.53 for interest accrued through December 19, 1997, the date she should have received the balance due notice. *Id.* at *2-3.

On January 9, 2001, the IRS sent plaintiff a final notice of intent to levy with respect to her 1992 tax liabilities, which stated that she owed $4,992.70.[1] *Id.* at *3. Plaintiff administratively appealed that determination, asserting that she should not be liable for any interest between December 19, 1997, when the notice of balance due was allegedly sent, and July 3, 2000, when she received the notice of intent to levy. *Id.* Her appeal was denied. *Id.*

Thereafter, plaintiff filed suit in the Tax Court, disputing the assessed interest and penalties and seeking a refund of taxes she believed she had overpaid for 1992. *Id.* at *3-4.

In October 2002, while the Tax Court suit was pending, the IRS offset a $10,663.00 overpayment plaintiff made on her 1999 taxes to her disputed 1992 tax liability. *Id.* at *4. The offset eliminated the liability and left a credit on her 1992 account. *Id.*

In 2003, plaintiff filed this suit to recover the excess taxes she paid for tax year 1999. The Court stayed the suit pending resolution of the Tax Court proceeding.

In May 2003, plaintiff filed her tax return for the year 2002, which showed an overpayment of $4,550.00, and requested a refund in that amount. (*Id.* ¶¶ 7-8.) In April 2005, plaintiff filed her 2001 tax return, which showed an overpayment in the amount of $5,958.00, and requested a refund in that amount. (First Am. Compl. ¶¶ 10-11.) In June 2005, plaintiff filed her tax return for tax year 2002, which showed an overpayment of $8,578.00, and requested a refund in that amount. (*Id.* ¶¶ 14-15.) In November 2005, plaintiff filed her return

---

[1] It is not clear how that number was calculated.

2

for tax year 2003, which showed an overpayment of $11,401.00, and requested a refund in that amount. (*Id.* ¶¶ 16-17.)

In January 2006, the Tax Court issued its opinion on plaintiff's challenge to the proposed levy for her 1992 tax liability. The court concluded that the offset deprived it of jurisdiction over plaintiff's suit. Because the offset eliminated plaintiff's 1992 liability, which was the basis for the levy plaintiff was contesting, the court concluded that her claim was moot. *Greene-Thapedi*, 2006 WL 83125, at *6.

After the Tax Court dismissed plaintiff's petition, defendant moved to dismiss this suit. At the time, plaintiff's only claim was to recover her overpayment for tax year 1999. Because the offset eliminated that overpayment, defendant argued, plaintiff no longer had a claim for its refund. Moreover, though the offset resulted in an overpayment on plaintiff's 1992 account, defendant said she could not sue for a refund of that overpayment until she exhausted administrative remedies. Because plaintiff had not filed a refund claim with the IRS for the 1992 overpayment, defendant said her case had to be dismissed.

The Court disagreed. Reasoning that plaintiff's Tax Court petition was a sufficient informal claim for refund of the 1992 overpayment, the Court denied defendant's motion. (*See* 3/17/06 Mem. Op. & Order at 3-4.)

In April 2006, plaintiff amended her complaint in this suit to add claims for refunds of overpayments she made for tax years 2000-2003.

In May 2006, defendant issued four refund checks to plaintiff: one in the amount of $5,320.64 ($4,550.00 plus interest) for tax year 2000, another in the amount of $6,383.49 ($5,958.00 plus interest) for tax year 2001, the third in the amount of $9,057.12 ($8,578.00 plus interest) for tax year 2002, and the last in the amount of $11,744.96 ($11,401.00 plus

3

interest) for tax year 2003. (Def.'s Resp. Pl.'s Mot. Partial J. Pleadings & Resp. Pl.'s Mot. Voluntarily Dismiss, Ex. 1, Ganser Decl. ¶¶ 7, 11.)

Defendant argues that those payments mooted plaintiff's claims for tax years 2000-2003 and, as a result of the offset, she no longer has a claim for tax year 1999. Plaintiff says that she is entitled to judgment on the pleadings on her claims for tax years 2000-2002 and seeks a voluntary dismissal of her claim for tax year 2003.

## Discussion

### Jurisdiction

There are two kinds of Rule 12(b)(1) motions: those that attack the sufficiency of the jurisdictional allegations and those that attack the factual basis for jurisdiction. Facial attacks are subject to the same standard as motions pursuant to Rule 12(b)(6) motions; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002). However, in factual attacks, like this one, the Court may consider affidavits and other evidence in deciding the motion. *See id.* In either case, the burden of proving that jurisdiction exists rests with the plaintiff. *Id.*

Defendant says that the Court lacks jurisdiction over plaintiff's claims for tax years 2000-2003 because they are moot.[2] *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per

---

[2]Initially, defendant argued that the 2003 claim was not ripe because the period in which the IRS may take action on a refund claim had not expired when plaintiff filed the amended complaint. As one of our colleagues has noted, it is not clear whether ripeness is determined as of the date of filing or can be impacted by subsequent events. *See Wis. Bell, Inc. v. Bridge*, 334 F. Supp. 2d 1127, 1136-37 (W.D. Wis. 2004). In this case, however, it makes little difference because the claim meets the same fate, dismissal for lack of subject matter jurisdiction, whether it is moot or unripe. Thus, like the 2000-2002 claims, the Court will review the 2003 claim for mootness.

4

curiam) (stating that a case becomes moot when "by virtue of an intervening event, a court . . . cannot grant any effectual relief whatever in favor of the [claimant]" (quotation omitted)). In support of that contention, defendant has submitted the affidavit of Marilyn Ganser, a revenue officer advisor in the IRS' technical support section. Ganser says she reviewed the IRS' records on plaintiff's accounts for tax years 2000-2003 and determined that no overpayments exist for those accounts. (Def.'s Reply Ex. 1, Ganser Decl. ¶ 6.) Moreover, she says that the accounts show that refund check nos. 230753887500-03, in the respective amounts of $5320.64 ($4,550.00 plus interest) for tax year 2000, $6,383.49 ($5,958.00 plus interest) for tax year 2001, $9,057.12 ($8,578.00 plus interest) for tax year 2002, and $11,744.96 ($11,401.00 plus interest) for tax year 2003, were issued to plaintiff at the address on file with this Court on May 12, 2006. (Id. ¶¶ 4-11.) Because the refunds give plaintiff all of the relief she seeks, defendant says her claims for those tax years must be dismissed.

Plaintiff disagrees. She says her claims remain viable because the checks have not been cashed. However, whether the checks have been cashed and whether plaintiff received them are two different questions. Plaintiff does not say that she did not receive the checks. Moreover, when there is evidence that mail has been sent to the correct address, as there is here, a rebuttable presumption arises that the addressee received it. *See In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) ("It is . . . well recognized . . . that a timely and accurate mailing raises a rebuttable presumption that the mailed material was received . . . ."). Plaintiff has offered no evidence to rebut that presumption. Thus, the Court presumes that she received the checks.

Given that presumption, the only inference that arises from the fact that the checks have not been cashed is that plaintiff chose not to cash them. That choice does not, however, keep her claims alive. The relief plaintiff seeks in the first amended complaint with respect

5

to tax years 2000-2003 is the return of her overpayments plus interest. By tendering the checks to plaintiff, the amounts of which she does not contest, defendant gave her all of the relief she seeks. Thus, whether she cashes the checks or not, plaintiff's claims are now moot.

## Merits

Defendant also argues that plaintiff's claim for a refund of the overpayment of her 1999 taxes must be dismissed. In deciding this motion, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Her claim will be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In October 2002, the IRS offset plaintiff's 1999 overpayment of $10,663.00 against her disputed 1992 tax liability pursuant to 26 U.S.C. § 6402. That section authorizes the IRS to "credit the amount of [any] overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." 26 U.S.C. § 6402(a). The credit of a taxpayer's overpayment to satisfy a liability for an earlier year is treated like a cash payment on the liability by the taxpayer. *See Republic Petroleum Corp. v. United States*, 613 F.2d 518, 526 n.19 (5th Cir. 1980). Thus, the taxpayer can recover a refund only if the credit results in an overpayment on the taxpayer's account for the earlier year. *Id.* As a result, as the Court previously ruled, the only refund claim plaintiff can pursue is for overpayment of her 1992 taxes. (*See* 3/17/06 Mem. Op. & Order at 4.)

Despite that holding, in April 2006, plaintiff filed an amended complaint seeking, among other things, a refund of her 1999 overpayment. Because there is no longer an

6

overpayment on that account, she does not have a claim for its refund. Thus, that claim is dismissed.

As defendant admits, however, plaintiff is entitled to a refund of what is now the 1992 overpayment. (*See* Def.'s Reply Pl.'s Resp. Def.'s Mot. Dismiss at 1.) Plaintiff is, therefore, given leave to amend her complaint to include a refund claim for tax year 1992.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss [doc. no. 25] is granted. Plaintiff's claims for refund of the overpayments she made for tax years 2000-2003 are dismissed without prejudice for lack of subject matter jurisdiction, and her claim for refund of her 1999 overpayment is dismissed with prejudice. Plaintiff's motions for judgment on the pleadings on her 2000-2002 claims and voluntary dismissal of her 2003 claim [doc. nos. 28 & 30] are stricken as moot. Moreover, because the Court did not rely on the documents attached to defendant's memorandum in support of its motion to dismiss, plaintiff's motion to strike them [doc. no. 29] is also stricken as moot.

Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend her complaint in accordance with it. If she fails to do so, the case will be dismissed.

**SO ORDERED.**  ENTER: 1/29/06

HON. RONALD A. GUZMAN
**United States District Judge**