IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LLWELLYN GREENE-THAPEDI, ) | |
| ) | |
| Plaintiff, ) | Judge Ronald A. Guzmán |
| ) | |
| v. ) | 03 C 3294 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In this suit, plaintiff seeks a refund of taxes she paid for 1992. The case is before the Court on the government's motion pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for summary judgment and plaintiff's motions to strike certain of the government's evidentiary submissions. For the reasons set forth below, the Court denies all of the motions.

### Background

On April 30, 1996, plaintiff filed her tax return for 1992. (Def.'s LR 56.1(a) Stmt. ¶ 9.)[1] The return reported a tax liability of $31,342.00, $1,342.00 more than the estimated tax payment plaintiff had previously made. (*Id.*)

The IRS challenged the tax liability plaintiff had reported and, on August 29, 1996, sent her a notice of deficiency. (*Id.* ¶ 10.) The notice of deficiency set forth a proposed tax increase for 1992 of $24,966.00 as well as various penalties. (*Id.* ¶ 11.)

---

[1] Plaintiff did not respond to the facts asserted by the government in this paragraph. She is, therefore, deemed to have admitted them. *See* Local Rule 56.1.

Plaintiff challenged the proposed additional tax and penalties by filing a suit in Tax Court. (*Id.* ¶ 12.)

In June 1997, plaintiff stipulated, and the Tax Court determined, that she owed the government $10,195.00 in taxes for 1992. (Gov't Ex. 6, *Thapedi v. Comm'r of Internal Revenue*, No. 20040-96, at 1 (T.C. June 5, 1997).) The parties also agreed that "interest [would] be assessed as provided by law on the deficiency" and to waive "the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final." (*Id.* at 2.)

On December 19, 1997, the IRS assessed the $10,195.00 deficiency plus $4,319.53 in interest against plaintiff. (Gov't Ex. 2, Certificate of Assessments, Payments & Other Specified Matters for Llwellyn L. Greene-Thapedi for 1992 at 1.) The IRS says that it sent a notice of balance due to plaintiff on December 19, 1997. (Gov't Ex. 3, Certificate of Assessments, Payments & Other Specified Matters for Llwellyn L. Thapedi for 1992 at 1.) Plaintiff says she did not receive it. (Greene-Thapedi Decl. ¶ 5.)

On July 3, 2000, the IRS sent plaintiff a notice of intent to levy assets, which said she owed $23,805.53 in taxes, interest and penalties for 1992. *Greene-Thapedi v. Comm'r of Internal Revenue*, 126 T.C. 1, 2006 WL 83125, at *2 (T.C. Jan. 12, 2006). In July 2000, plaintiff paid the government $14,514.53 on her 1992 account: $10,195.00 for the deficiency to which she had stipulated before the Tax Court and $4,319.53 for interest accrued through December 19, 1997, the date she should have received the balance due notice. *Id.*; (Gov't Ex. 7, Check Nos. 2513 & 2514 from Greene-Thapedi to Internal Revenue Service of 7/18/00.)

2

On January 9, 2001, the IRS sent plaintiff a final notice of intent to levy with respect to her 1992 tax liabilities, which stated that she owed $4,992.70. *Greene-Thapedi*, 2006 WL 83125, at *3. Plaintiff administratively appealed that determination, asserting that she should not be liable for any interest between December 19, 1997, when the notice of balance due was allegedly sent, and July 3, 2000, when she received the notice of intent to levy. *Id.* Her appeal was denied. *Id.*

Thereafter, plaintiff filed suit in the Tax Court, disputing the assessed interest and penalties and seeking a refund of taxes she believed she had overpaid for 1992. *Id.* at *3-4.

In October 2002, while the Tax Court suit was pending, the IRS offset a $10,663.00 overpayment plaintiff made on her 1999 taxes to her disputed 1992 tax liability. *Id.* at *4. The offset eliminated the liability and left a credit on her 1992 account. *Id.*

In 2003, plaintiff filed this suit to recover the excess taxes she paid for tax year 1999. The Court stayed the suit pending resolution of the Tax Court proceeding.

In January 2006, the Tax Court issued its opinion on plaintiff's challenge to the proposed levy for her 1992 tax liability. The Tax Court concluded that the offset deprived it of jurisdiction over plaintiff's suit. Because the offset eliminated plaintiff's 1992 liability, which was the basis for the levy plaintiff was contesting, the Tax Court concluded that her claim was moot. *Id.* at *11-14.

After the Tax Court dismissed plaintiff's petition, defendant moved to dismiss this suit. At the time, plaintiff's only claim was to recover her overpayment for tax year 1999. Because the offset eliminated that overpayment, defendant argued, plaintiff no longer had a claim for its refund. Moreover, though the offset resulted in an overpayment on plaintiff's 1992 account, defendant said she could not sue for a refund of that overpayment until she

3

exhausted administrative remedies. Because plaintiff had not filed a refund claim with the IRS for the 1992 overpayment, defendant said her case had to be dismissed.

The Court disagreed. Reasoning that plaintiff's Tax Court petition was a sufficient informal claim for refund of the 1992 overpayment, the Court denied defendant's motion. (*See* 3/17/06 Mem. Op. & Order at 3-4.)

On February 15, 2007, plaintiff filed her second amended complaint seeking a refund of $10,663.00 plus interest for tax year 1992. (Def.'s LR 56.1(a) Stmt. ¶ 2.)

## Discussion

### Motions to Strike[2]

Plaintiff asks the Court to strike government exhibit 8, the declaration of Thomas Blake, because it lacks foundation. In his declaration, Thomas attests that: (1) he is a recomputation specialist in the Justice Department's tax division; (2) his job, as the title implies, entails computing the taxes, penalties and interest owed by taxpayers; (3) at the request of defense counsel he computed plaintiff's tax liability for the year 1992; (4) he did so using that Tax Court's decision in plaintiff's 1992 refund suit and the Integrated Data Retrieval System ("IDRS") transcripts of plaintiff's 1992 account; and (5) he concluded that the IRS does not owe plaintiff any money for 1992. (Gov't Ex. 8, Blake Decl. ¶¶ 1-10.) Because the declaration establishes that Blake has the ability to compute tax liability,

---

[2]Plaintiff asks the Court to strike certain of the government's evidentiary submissions because, among other reasons, they lack merit. A motion to strike, however, is a vehicle for attacking the admissibility of evidence, not its merit. Thus, the Court disregards the merits arguments made in the motions to strike.

4

explains how he did so in this case and attaches his recomputation report, the Court overrules plaintiff's foundation objections.

Plaintiff also seeks to strike portions of government exhibit 9, the second declaration of Robert Dean and attached exhibits. Plaintiff says paragraphs 4-10 and 12-15 of the declaration and exhibits 4 and 5 attached to it should be stricken because they contain inadmissible hearsay and Dean lacks expertise to opine on IRS policies.

The Court disagrees. Dean attests that: (1) he has worked for the IRS for twenty years in a variety of capacities and, as a result, is familiar with the IRS's record-keeping procedures and its IDRS system (Govt' Ex. 1, First Dean Decl. ¶¶ 1-4); (2) the information in IDRS is kept in the ordinary course of the IRS's business; (3) he reviewed the IDRS transcripts for the year 1992 for plaintiff's accounts, portions of which he attached as exhibits 4 and 5 (*id.* ¶¶ 5-10; Gov't Ex. 9, Second Dean Decl. ¶¶ 3-14); and (3) based on his experience and review of the data, he concluded that plaintiff is no longer owed any money for 1992 (Gov't Ex. 1, First Dean Decl. ¶¶ 16-20; Gov't Ex. 9, Second Dean Decl. ¶¶ 11-16). In other words, Dean's declarations establish that he has personal knowledge of the IRS's record-keeping in general and its records pertaining specifically to plaintiff, the IDRS transcripts are records of regularly conducted business activity within the meaning of Federal Rule of Evidence 803(6), and the IDRS records pertaining to plaintiff's accounts for tax year 1992 indicate that she is no longer owed any money. Plaintiff's lack of foundation and hearsay objections are, therefore, overruled.

Lastly, plaintiff asks the Court to strike government exhibit 10, a July 2000 Notice of Intent to Levy Assets addressed to plaintiff, and exhibit 11, a February 2002 letter to plaintiff from the IRS. Plaintiff says these exhibits should be stricken because Dean's

5

declaration does not provide a foundation for them. The foundation for these documents, however, is not in Dean's declaration but in the second declaration of Barbara Seaman, attached to the government's second set of exhibits. Seaman says that these letters are true and correct copies of IRS documents that were submitted jointly by plaintiff and the government as exhibits to the Tax Court during plaintiff's 1992 refund suit. (*See* Second Seaman Decl. ¶¶ 4-6.) Thus, plaintiff's objections to government exhibits 10 and 11 are also overruled.

## Motion for Summary Judgment

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The government contends that plaintiff has not met her burden of proving that she is entitled to recover money from the IRS. *See Pipitone v. United States*, 180 F.3d 859, 862 (7th Cir. 1999) (noting that taxpayer bears burden of proof in refund suit). On the contrary the government says, the record establishes that plaintiff is owed no money at all. In support of that argument, the government submits the Certificates of Assessment and Payment

6

("Certificates") for plaintiff's accounts for tax year 1992. Those Certificates "carry with them a presumption of validity and that the assessments they reflect were properly made." *Hefti v. I.R.S.*, 8 F.3d 1169, 1172 (7th Cir. 1993). To rebut that presumption, plaintiff must show that "the assessment is arbitrary or erroneous." *United States v. Stonehill*, 702 F.2d 1288, 1294 (9th Cir. 1983) (quotation omitted).

The government submitted two Certificates for tax year 1992 for plaintiff, one in the name of Llwellyn L. Greene-Thapedi and the other in the name of Llwellyn L. Thapedi. (*See* Gov't Ex. 2 Greene-Thapedi Certificate & Gov't 3, Thapedi Certificate.) The government says it kept accounts under each name for plaintiff because she submitted documents in connection with her 1992 taxes under both names. (Gov't Ex. 1, First Dean Decl. ¶¶ 8-9.) In 2000, however, the government discovered that Llwellyn L. Greene-Thapedi and Llwellyn L. Thapedi were the same person. (*Id.* ¶ 15.) At that point, the government says, it merged the Thapedi account with the Greene-Thapedi account. (*Id.*)

Plaintiff says there is no evidence that the two accounts were actually merged. But the government's documents refute that argument. The Certificate for the Llwellyn L. Thapedi account shows that the IRS made assessments or debits against plaintiff in the total amount of $79,507.23 ($31,342.00 + $302.00 + $248.27+ $464.45 + $13.42 + $10,195.00 + $4,319.53 + $2,622.56 + $30,000.00) and gave plaintiff credit for payments or abatements in the total amount of $79,507.23 ($10,195.00 + $4,319.53 + $30,000.00 + $31,342.00 + $302.00 + $248.27+ $464.45 + $13.42 + $2,622.56), leaving a zero balance in that account. (*See* Gov't Ex. 3, Thapedi Certificate.) Further, the IDRS transcript for the Thapedi account shows that the abatements were all made in the year 2000 and assessments or debits in the same amounts were made to the Greene-Thapedi account shortly thereafter. (*See* Gov't Ex.

7

9, Second Dean Aff. ¶ 6; *id.*, Dean Ex. 4 at 4; *id.*, Dean Ex. 5 at 1-2.) Thus, the record establishes that the Thapedi account was merged into the Green-Thapedi account in 2000.

The Certificate for the Green-Thapedi account shows that the IRS made assessments against plaintiff in the total amount of $54,413.32 ($31,342.00 + $302.00 + $248.27+ $464.45 + $13.42 + $10,195.00 + $4,319.53 + $2,622.56 + $4,906.09) and gave plaintiff credit for payments or abatements in the total amount of $57,040.58 ($30,000.00 + $4,319.53 + $10,195.00 + $10,663.00 + $1,108.34 + $754.71), leaving a balance in plaintiff's favor of $2,627.26. (*See* Gov't Ex. 2, Greene-Thapedi Certificate.) To that amount, the IRS added $1,144.90 in interest for a total refund of $3,772.16, which it says it tendered to her in June 2006. (*Id.*)

Plaintiff says the government's calculations are incorrect because they are premised on a faulty assumption – that the IRS notified her on December 19, 1997 of the 1992 deficiency adjudicated by the Tax Court (*i.e.*, $10,195.00 in taxes and $4,319.53 in interest.) Plaintiff says she did not receive that notice and, as a result, cannot be held liable for the penalties and interest that accrued between December 19, 1997 and July 3, 2000, the date she says she first learned that the 1992 deficiency had been assessed.

In support of its contention that the notice was sent, the government offers the Certificate of Assessments and Payments for the Thapedi account. Among the actions noted on the last page of the certificate is "12-19-1997 Statutory Notice of Balance Due." (*See* Gov't Ex. 3, Thapedi Certificate at 5.) That notation "constitute[s] presumptive proof that the IRS gave notice of the assessments and made demands for payment." *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992); *see Godfrey v. United States*, 997 F.2d 335, 339

8

n.5 (7th Cir. 1993) (noting that Certificates contain entries regarding notices that give "rise to the inference that such notices were sent").

The only evidence plaintiff offers to rebut this presumption is her declaration that she "never received any December 19, 1997 notice or demand." (Greene-Thapedi Decl. ¶ 5.) That kind of conclusory denial of receipt is insufficient to rebut the presumption that the notice was sent. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (holding that taxpayers' affidavit denying receipt of IRS notice "fail[ed] to raise a genuine issue of material fact" as to whether notices were sent); *see McCarthy v. Option One Mortgage Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004) (citing *Godfrey* and stating, in a different context, that presumption that notice was given cannot be rebutted "by a mere denial of receipt"). Because she has not provided evidence sufficient to overcome the presumption, the record establishes that the government sent a notice of deficiency to plaintiff on December 19, 1997.

Having determined that the government properly assessed and notified plaintiff of the deficiency for 1992, the only remaining question is whether it still owes her money for that year. The government says that it does not, having sent plaintiff a refund check for $3,772.16, the amount she was due, in June 2006. In support of that contention, the government submits the certificate from the Greene-Thapedi account, containing the entry "06-26-2006 Refund," and a print-out from the IDRS that shows a check was issued to plaintiff on June 23, 2006 in the amount of $3,772.16. (*See* Govt' Ex. 2, Greene-Thapedi Certificate at 4; Gov't Ex. 1, Dean Aff., Dean Ex. 3, Pacer System Check Issue/Paid Status Display.)

9

Our court of appeals has held, however, that this information is not enough to give rise to the presumption that a refund check was mailed:

> ...To invoke the presumption of delivery, the government could either present evidence of actual mailing such as an affidavit from the employee who mailed the check, or present proof of procedures followed in the regular course of operations which give rise to a strong inference that the check was properly addressed and mailed. The government chose the latter form and submitted to the district court a computer transcript of the Godfreys' taxpayer account which reflected they were entitled to a refund as a result of the overpayment. . . .
>
> We do not believe the district court could properly find that this transcript – standing alone – establishes that the original refund check was deposited in the United States mail. The transcript contains an entry on June 4, 1990 in the amount of $279,323.00, with a corresponding explanation of "REFUND OF OVERPAYMENT." Looking at the June 4, 1990 entry in isolation, we cannot tell whether the entry indicates that the IRS determined the taxpayers were owed a refund or that a refund check was actually prepared, enclosed in an envelope, and mailed. . . .
>
> At oral argument, counsel for the government provided an explanation of IRS standard operating procedures and indicated where the June 4, 1990 entry fit into the process of issuing refund checks. We were then informed that, based on these procedures, the absence of a subsequent entry to the contrary indicated that the original refund check had been mailed on June 4. However, the government failed to submit to the district court an authoritative explanation of IRS procedures which could provide a presumption of regularity, thus allowing a reasonable inference the refund check was mailed.

*Godfrey*, 997 F.2d at 338 (citations and footnotes omitted). Absent evidence about the IRS's customary procedures for mailing refund checks, which the government has not provided, it is not entitled to the presumption that the refund check was mailed.

Without the presumption, the record contains the government's assertion that the check was mailed, plaintiff's assertion that she did not receive it and the undisputed fact that the check has not been cashed. (*See* Gov't Ex. 1, Dean Aff., Dean Ex. 3, Pacer System

10

Check Issue/Paid Status Display.) That evidence is sufficient to raise a genuine issue for trial on whether the IRS owes plaintiff money for tax year 1992.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motions to strike [doc. nos. 53 & 59] and defendant's motion for summary judgment [doc . no. 46]. The parties should be prepared to set a trial date at the next status hearing.

**SO ORDERED.**      ENTER: 10/26/07

**HON. RONALD A. GUZMAN**
**United States District Judge**